1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MARIO ALEJANDRO BULA                     No.  2:25-cv-03719-DAD-CKD
     ARMENTA,
12
                      Plaintiff,
13                                            ORDER DENYING PLAINTIFF'S MOTION
          v.                                  FOR TEMPORARY RESTRAINING ORDER
14
     STEVE GORDON,                            (Doc. No. 5)
15
                      Defendant.
16

17

18          This matter is before the court on plaintiff's *ex parte* motion for a temporary restraining

19   order.  (Doc. No. 2.)  For the reasons explained below, the court will deny plaintiff's motion for a

20   temporary restraining order.

21                                      **BACKGROUND**

22          On December 29, 2025, plaintiff Mario Alejandro Bula Armenta proceeding *pro se*

23   initiated this civil rights action against defendant Steve Gordon.  (Doc. No. 1.)  In his complaint,

24   plaintiff alleges the following.

25          Plaintiff currently possesses a California commercial driver's license which he uses in

26   connection with his current employment.  (*Id.* at 3.)  On November 6, 2025, plaintiff received

27   written notice from the California Department of Motor Vehicles ("DMV") that this license

28   would be cancelled within sixty days unless he provided proof of either his United States

                                                 1

1   citizenship or his lawful permanent resident status.  (*Id.*)  Defendant Gordon is asserted by

2   plaintiff to be the current director of the DMV.  (*Id.* at 1.)  On November 20, 2025,  plaintiff went

3   to a DMV office in Sacramento and was informed that he was required to show citizenship or

4   lawful permanent residency to challenge this pending cancellation of his California driver's

5   license.  (*Id.* at 3.)  On this basis, plaintiff asserts a single cause of action pursuant to 42 U.S.C. §

6   1983 against defendant Gordon alleging that he has not been provided with requisite procedural

7   due process in violation of the Fourteenth Amendment.  (*Id.* at 4.)

8          On December 29, 2025, plaintiff filed the pending motion for temporary restraining order.

9   (Doc. No. 5.)  In that motion, plaintiff requests that the court enjoin defendant from cancelling his

10  commercial driver's license until a hearing can be held.  (*Id.* at 2.)  On December 29, 2025, the

11  court directed plaintiff to immediately serve defendant with a copy of the complaint, motion for

12  temporary restraining order and accompanying papers, and the court's order directing such

13  service.  (Doc. No. 6.)  The court further directed plaintiff to provide proof of that service.  (*Id.*)

14  The court set a briefing schedule requiring that defendant file a written opposition no later than

15  5:00 PM on January 2, 2026.  (Doc. No. 6.)  On December 30, 2025, plaintiff filed a declaration

16  by a process server indicating that an officer at the DMV who was authorized to accept service

17  was served with the summons and complaint in this action.  (Doc. No. 7.)  However, plaintiff did

18  not file proof of service regarding his motion for temporary restraining order or the court's order

19  setting a briefing schedule with respect to that motion.  To date, defendant has not appeared in

20  this action and has not filed an opposition to the pending motion for temporary restraining order.

21                                    **LEGAL STANDARD**

22          The standard governing the issuing of a temporary restraining order is "substantially

23  identical" to the standard for issuing a preliminary injunction.  *See Stuhlbarg Int'l Sales Co. v.*

24  *John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  "The proper legal standard for

25  preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the

26  merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

27  balance of equities tips in his favor, and that an injunction is in the public interest.'"  *Stormans,*

28  *Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council,*

                                          2

*Inc.*, 555 U.S. 7, 20 (2008)); *see also Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After *Winter*, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.'"); *Am. Trucking Ass'ns v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). A plaintiff seeking a preliminary injunction must make a showing on all four of these prongs. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). The Ninth Circuit has also held that "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Id.* at 1134–35 (quoting *Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008) (*en banc*)).[1] The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009); *see also Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (citation omitted) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief."). Finally, an injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

## DISCUSSION

Plaintiff argues that he is likely to succeed on the merits of his procedural due process claim because defendant has "deprived him of a protected property interest without . . . notice and a meaningful opportunity to be heard." (Doc. No. 5 at 1.) Plaintiff's argument in this regard is unclear. First, as noted above, plaintiff alleges that the DMV has not yet cancelled his commercial driver's license. (Doc. No. 1 at 3.) Second, plaintiff alleges that he was provided with notice of the intended future cancellation of his commercial driver's license and has attached what appears to be that letter to his complaint. (*Id.* at 3, 9.) The court construes plaintiff's

---

[1] The Ninth Circuit has found that this "serious question" version of the circuit's sliding scale approach survives "when applied as part of the four-element *Winter* test." *All. for the Wild Rockies*, 632 F.3d at 1134. "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135.

1   contention as arguing that due process requires that he be provided with a hearing prior to

2   cancellation of his driver's license.

3        California Vehicle Code § 13800 authorizes the DMV to "conduct an investigation to

4   determine whether the privilege of any person to operate a motor vehicle should be suspended or

5   revoked . . . upon a showing by its records . . . [t]hat any ground exists for which a license might

6   be refused."  Cal. Veh. Code § 13800.  California Vehicle Code § 12801.5 provides that the DMV

7   "shall require an applicant for an original driver's license or identification card to submit

8   satisfactory proof of California residency and that the applicant's presence in the United States is

9   authorized under federal law."  Cal. Veh. Code § 12801.5.  Accordingly, a California state

10  appellate court has held that "persons whose presence in the United States is not authorized by

11  federal law are not entitled to such documents[.]"  *Lauderbach v. Zolin*, 35 Cal. App. 4th 578, 585

12  (1995).  Plaintiff's allegations and the letter from the DMV attached to his complaint support his

13  claim that the DMV is proposing cancellation of his commercial driver's license for failure to

14  provide legal presence documents.  (Doc. No. 1 at 3, 9.)

15       California Vehicle Code § 13950 mandates notice and opportunity to be heard procedures

16  for the revocation of a driver's license:

17              Whenever the department determines upon investigation or re-
                examination that any of the grounds for re-examination are true, or
18              that the safety of the person investigated or re-examined or other
                persons upon the highways requires such action, and it proposes to
19              revoke or suspect the driving privilege of the person or proposes to
                impose terms of probation on his driving privilege, notice and an
20              opportunity to be heard shall be given before taking the action.

21  Cal. Veh. Code § 13950.  When "the department has given notice, or has taken or proposes to

22  take action under Section . . . 13950 . . . , the person receiving the notice or subject to the action

23  may, within 10 days, demand a hearing which shall be granted[.]"  Cal. Veh. Code § 14100(a).

24  "These provisions of state law satisfy the due process rights of drivers subject to suspension or

25  revocation . . . .  The U.S. Supreme Court has expressly held that due process does not require an

26  administrative hearing prior to revocation of driving privileges."  *Schneider v. Sutter Amador*

27  *Hosp.*, No. 2:14-cv-00804-GEB-AC, 2014 WL 5473545, at *11 (E.D. Cal. Oct. 28, 2014) (citing

28  *Dixon v. Love*, 431 U.S. 105, 107 (1977)), *report and recommendation adopted*, 2014 WL

1    13065162 (E.D. Cal. Nov. 20, 2014), *aff'd*, 621 F. App'x 480 (9th Cir. 2015); *see also Barone v.*

2    *Dep't of Motor Vehicles*, No. 3:23-cv-00858-WHO, 2024 WL 333887, at \*5–6 (N.D. Cal. Jan. 29,

3    2024) (discussing the California Vehicle Code's notice and hearing processes and holding that

4    "the California statutes provide sufficient due process via a post-suspension hearing process").

5           Here, plaintiff does not appear to contest that the November 6, 2025 letter put him on

6    notice of the DMV's proposed revocation of his license. Instead, plaintiff argues only that the

7    DMV was required to provide him with a pre-suspension hearing. As the cases above describe,

8    there is no general constitutional requirement for greater process prior to suspension "[i]n light of

9    the notice and opportunity be heard" provided by the California Vehicle Code. *Schneider*, 2014

10    WL 5473545, at \*12. Moreover, plaintiff does not allege that he requested a hearing within ten

11    days as authorized under California Vehicle Code § 14100. Rather, plaintiff alleges that he went

12    to the DMV without evidence of legal presence documents fourteen days after receiving notice.

13    (Doc. No. 1 at 3.) "Failure to respond to a notice given under this chapter within 10 days is a

14    waiver of the right to a hearing, and the department may take action without a hearing or may . . .

15    reopen the question, [or] take evidence." Cal. Veh. Code § 14103. To the extent then that

16    plaintiff is arguing that he should have been provided with the opportunity to request a hearing

17    beyond ten days, the California Vehicle Code already provides that additional process. *Barone v.*

18    *Dep't of Motor Vehicles*, No. 23-cv-00858-WHO, 2024 WL 4529336, at \*6 (N.D. Cal. Oct. 17,

19    2024) (finding no due process violation where the plaintiff could have requested a late hearing

20    pursuant to California Vehicle Code § 14103), but failed to do so. The court therefore rejects

21    plaintiff's argument that the California Vehicle Code has not provided sufficient process prior to

22    the suspension of his commercial driver's license. Accordingly, the court concludes that plaintiff

23    has not shown that he is likely to succeed on the merits of his procedural due process claim.

24           Because the court concludes that plaintiff has not raised serious questions going to the

25    merits of his claim, the court need not consider the other *Winter* factors. *Disney Enters., Inc. v.*

26    *VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017) ("Likelihood of success on the merits is the

27    most important *Winter* factor; if a movant fails to meet this threshold inquiry, the court need not

28    /////

1  consider the other facts in the absence of serious questions going to the merits.")  (internal

2  quotation marks and citations omitted).

3        For the reasons explained above, plaintiff's motion for temporary restraining order (Doc.

4  No. 5) is DENIED.

5        IT IS SO ORDERED.

6  Dated:  __**January 5, 2026**__                    _Dale A. Drozd_____

7                                          DALE A. DROZD
                                           UNITED STATES DISTRICT JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28