UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO ALEJANDRO BULA ARMENTA,<br><br>Plaintiff,<br><br>v.<br><br>STEVE GORDON, et al.<br><br>Defendants. | No. 2:25-cv-3719-DAD-CKD (PS)<br><br><br>FINDINGS AND RECOMMENDATIONS |

On March 4, 2026, proceeding pro se, plaintiff Mario Alejandro Bula Armenta filed a motion styled as "Plaintiff's Emergency Motion to Maintain Status Quo and Prevent Cancellation of Commercial Driver's License Scheduled for March 6, 2026." (ECF No. 15.) For the reasons set forth below, the motion should be denied.

**I.      Background**

On December 29, 2025, plaintiff initiated this civil rights action against defendant Steve Gordon. (ECF No. 1.) Under the complaint's allegations, plaintiff possesses a California commercial driver's license which he uses in connection with his current employment. (Id. at 3.) On November 6, 2025, plaintiff received written notice from the California Department of Motor Vehicles ("DMV") that this license would be cancelled within 60 days unless he provided proof of either his United States citizenship or his lawful permanent resident status. (Id.) Defendant Gordon is asserted by plaintiff to be the current director of the DMV. (Id. at 1.) On November 20,

1

2025, plaintiff went to a DMV office in Sacramento and was informed he was required to show citizenship or lawful permanent residency to challenge this pending cancellation of his California driver's license. (Id. at 3.) Plaintiff asserts a single cause of action pursuant to 42 U.S.C. § 1983 against defendant Gordon claiming he has not been provided with requisite procedural due process in violation of the Fourteenth Amendment. (Id. at 4.)

Along with the complaint, plaintiff filed an initial motion for temporary restraining order on December 29, 2025. (ECF No. 5.) The district judge assigned to this case denied that motion on January 6, 2026. (ECF No. 8.)

Plaintiff filed the motion presently before the court on March 4, 2026.[1] The district judge assigned to this case referred the motion to the undersigned for issuance of these findings and recommendations. (ECF No. 16.) The motion is appropriate for decision without oral argument under Local Rule 230(g).

## II.    Legal Standard

The purpose of a temporary restraining order under Rule 65(b) of the Federal Rules of Civil Procedure is to preserve the status quo and to prevent irreparable harm "so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Bhd. of Teamsters, 415 U.S. 423, 439 (1974). In determining whether to issue a temporary restraining order, a court relies on the same factors that guide the evaluation of a request for preliminary injunctive relief: whether the moving party "is likely to succeed on the merits, ... likely to suffer irreparable harm in the absence of preliminary relief, ... the balance of equities tips in [its] favor, and ... an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); see also Stuhlbarg Int'l. Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

Courts within this circuit may also consider a request for a temporary restraining order or preliminary injunction using a "sliding scale" test in which "a stronger showing of one element

---

[1] The motion was entered to the docket on March 6, 2026, with a filing date of March 4, 2026.

may offset a weaker showing of another." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011). "[W]hen plaintiffs establish that the balance of hardships tips sharply in their favor, there is a likelihood of irreparable injury, and the injunction is in the public interest, they need only show 'serious questions' on the merits." Where Do We Go Berkeley v. California Dep't of Transp., 32 F.4th 852, 859 (9th Cir. 2022) (citing Alliance for the Wild Rockies, 632 F.3d at 1135).

The Eastern District of California's local rules impose specific requirements on those who request a temporary restraining order. See Local Rule 231. When deciding whether to issue a temporary restraining order, the court may rely on declarations, affidavits, and exhibits, among other things. See Johnson v. Couturier, 572 F.3d 1067, 1083 (9th Cir. 2009). This evidence need not conform to the standards that apply at summary judgment or trial. Id; Flynt Distrib. Co. v. Harvey, 734 F.2d 1389, 1394 (9th Cir. 1984).

**III.    Analysis**

Plaintiff seeks an order preventing cancellation of his commercial driver's license ("CDL") which he states is scheduled for March 6, 2026. (ECF No. 15 at 5.) In support of this motion, he attaches Exhibit A, which he states confirms his CDL will be cancelled on that date. (See ECF No. 15 at 6 & 8.) Plaintiff also attaches Exhibit B, which he states is his Employment Authorization Document authorizing him to work in the United States from September 17, 2025, through September 16, 2030. (Id. at 6 & 10.)

As a preliminary matter, whether construed as a motion for a temporary restraining order or a motion for a preliminary injunction, the motion is procedurally defective in a manner that prevents the court from granting relief. In particular, plaintiff has not filed an affidavit in support of the existence of an irreparable injury, see Local Rule 231, or otherwise provided evidence that support the motion's allegations that irreparable harm is imminent. A motion seeking preliminary injunctive relief must be supported by "[e]vidence that goes beyond the unverified allegations of the pleadings" such as, for example, declarations or affidavits. Fid. Nat. Title Ins. Co. v. Castle, No. C 11-00896 SI, 2011 WL 5882878, at *3 (N.D. Cal. Nov. 23, 2011) (citing 9 Wright & Miller, Federal Practice & Procedure § 2949 (2011)).

3

Plaintiff's Exhibits A and B do not support the motion's allegations of imminent irreparable harm. Plaintiff asserts Exhibit A confirms his CDL will be cancelled on March 6, 2026, but the court does not agree. Exhibit A is a letter stating "DMV has postponed your CDL cancellation" which was previously scheduled to be cancelled on January 5, 2026. (ECF No. 15 at 8.) The letter does not indicate any new cancellation date. Plaintiff does not provide any evidence of the claimed March 6, 2026 cancellation date. Plaintiff has not demonstrated immediate threatened injury or a likelihood of irreparable harm as a prerequisite to preliminary injunctive relief. See Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1201 (9th Cir. 1980); FDIC v. Garner, 125 F.3d 1272, 1279 (9th Cir. 1997) (the threat of injury "must be imminent, not remote or speculative"), cert. denied, 523 U.S. 1020 (1998).

Plaintiff also fails to establish a likelihood of success on the merits, which is the most important Winter factor, and relevant to the court's evaluation of the other factors. See Baird v. Bonta, 81 F.4th 1036, 1044 (9th Cir. 2023). The district judge assigned to this case previously determined "plaintiff has not shown that he is likely to succeed on the merits of his procedural due process claim." (ECF No. 8 at 5.)

Without showing a likelihood of success on the merits, or a likelihood of irreparable harm, plaintiff cannot establish that a temporary restraining order or preliminary injunction is appropriate. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter, 555 U.S. at 20).

**IV.    Recommendation**

For the reasons set forth above, IT IS RECOMMENDED that plaintiff's "Emergency Motion to Maintain Status Quo and Prevent Cancellation of Commercial Driver's License…" (ECF No. 15) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

4

shall be served on all parties and filed with the court within seven (7) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  March 11, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, bula25cv3719.tro

5